Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff
VALERIE RICHARDS

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| VALERIE RICHARDS, | Case No.: |
| Plaintiffs, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| | **(Unlawful Debt Collection Practices)** |
| RISKPRO CONSULTING, | |
| Defendant. | |

**VERIFIED COMPLAINT**

VALERIE RICHARDS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., allege the following against RISKPRO CONSULTING (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Litchfield Park, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a business located in Woodland Hills, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant places calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacted Plaintiff's mother and stated that Plaintiff owes a debt.

13. Defendant threatened to garnish Plaintiff's wages.

14. Defendant threatened to take legal action against Plaintiff (see Exhibit A).

15. Defendant failed to identify itself as a debt collector in subsequent communications (see Exhibit B).

16. Defendant did not send Plaintiff a debt validation letter.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. D efendant Violated *§1692(b)(2)* of the FDCPA by informing Plaintiff's mother that Plaintiff owes a debt.

   b. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by placing calls with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages if she does not make a payment.

   e. Defendant violated *§1692e(4)* of the FDCPA by threatening file a lawsuit against Plaintiff when Defendant does not intend to do so.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication is from a debt collector.

   g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening legal action in order to obtain payment.

   h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

   i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiffs have suffered emotional distress (see Exhibit C).

WHEREFORE, Plaintiff, VALERIE RICHARDS, respectfully requests judgment be entered against Defendant, RISKPRO CONSULTING, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

//

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VALERIE RICHARDS, demands a jury trial in this cause of action.

                                                               RESPECTFULLY SUBMITTED,

DATED: April 22, 2009            KROHN & MOSS, LTD.

                                                       By: /s/ Ryan Lee

                                                            Ryan Lee
                                                            Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, VALERIE RICHARDS, state as follows:

1. I are the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by our attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, VALERIE RICHARDS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4/23/09          _Valerie Richards_
                       VALERIE RICHARDS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

VERIFIED COMPLAINT

# RiskPro Consulting



March 24, 2009

Valerie K. Richards
182 Bahia Lane
Litchfield Park, AZ 85340

RE: Reginald (Reggie) Allen Collection Matter / Acct: 6023324967

Ms. Richards,

Per our verbal agreement, on February 19, 2009, you agreed to make $100.00 payments by the 20th day of each month. Despite receiving a payment in the amount $100.00 (Money Order Check #0581124622) on February 27, 2009, my office has not received a payment of $100.00 that was due on March 20, 2009. Therefore, you are now in default of your payment agreement with my office.

In ten (10)-business days, from the date listed above, I will began filing a complaint with the Maricopa County Courts (Small Claims) in order to began the civil litigation process.

My office cannot force you to pay off the remaining $495.00 balance you currently owe to Mr. Reginald (Reggie) Allen but if for some reason I should receive the full amount within the ten (10)-business day timeframe, then I will no longer have cause to file a complaint against you with the Courts. Please note, that if a complaint is filed, you will be responsible for the $495.00 balance, 10% interest, and all court fee costs incurred.

RiskPro Consulting only accepts certified checks or money orders for purposes of restitution payments. Please make all checks payable to "Geoff Gray."

If you should have any questions or concerns, please feel free to contact our office at (818) 453-0953, Monday through Friday.

Yours truly,

Geoff Gray
Consultant

CC: Reginald (Reggie) Allen – Acct: 6023324967

P.O. Box 6432 – Woodland Hills, CA 91364
Tel. (818) 453-0953

# EXHIBIT B

## **Valerie Richards v. RiskPro Consulting**

This call is for Valerie Richards.  My name is Geoff Gray with RiskPro-Consulting.  I noticed that you called my phone today early this morning.  Unfortunately, I was out of the office on business.  I am in back in the office this evening and will be in the office tomorrow morning.  So give me a call back. I noticed that your payment has not arrived that was supposed to be due on March 20 and you are officially _____ default.  Give me a call if you want to discuss.  Otherwise, I will have to proceed at my end. Thank you.  The number is 818-453-0953.  Thank you, bye.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / ~~NO~~
4. Fear of answering the door — ~~YES~~ / **NO**
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / ~~NO~~
7. Chest pains — ~~YES~~ / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / ~~NO~~
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. **Headache**, **nausea**, chronic pain or **fatigue** — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: no the above covered it.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/22/09

Valerie Richards
Signed Name

Valerie Richards
Printed Name